IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTORIA ANDERSON, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:16-CV-1450-N-BH |
| ) | |
| CHIKWANDA CHISENGA and, ) | |
| NIKKY HANNAH, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

The plaintiff initially filed this action against the defendant on May 27, 2016, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) She was granted leave to proceed IFP on June 6, 2017. (*See* doc. 6.) On February 3, 2017, the Court sent her a questionnaire to obtain more information about her claims. The questionnaire specifically advised the plaintiff that her answers to the questions were due within fourteen days, and that a failure to timely file her answers could result in the dismissal of the case. *Id.* More than fourteen days from the date of the order have passed, but the plaintiff has not filed her answers to the questionnaire or filed anything else in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's

inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that she file her answers to the questionnaire within fourteen days despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files her answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 27th day of February, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                                        _____
                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE
```